IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KERSTAIN SHUGHART,

        Plaintiff,

        vs.               Case No. 16-1360-JTM

ASHLEY SENS,

        Defendant.

MEMORANDUM AND ORDER

This action arises from an October 30, 2015 automobile accident in Hiawatha, Kansas, when defendant Ashley Sens backed her car out of a parking stall and struck a car, driven by plaintiff Kerstain Shughart, stopped in traffic behind her. Shughart subsequently commenced this action for personal injury, and the defendant has moved to dismiss the action contending that the amount in controversy cannot possibly reach the amount required for federal jurisdiction.

Sens argues that Shughart could not have sustained $75,000 in damages, citing the Accident Report which indicates that the accident occurred when Sens backed up three to four feet from a parking stall and struck the rear passenger door of Shughart's vehicle, which was stopped in traffic and waiting to proceed. Sens also submits an affidavit stating that she was traveling no more than five miles per hour at the time the impact dented the

rear passenger door. Sens states that neither she nor her infant were injured, and there was no apparent injury to Shughart.

Shughart has submitted her own affidavit. She states that Sens backed up some six to ten feet, and was moving more than ten miles per hour at the moment of impact. She states that she suffered "a terrifying panic attack" at the scene, and that shortly after the accident, she experienced pain in her neck, back, and shoulder. She states that she suffered a "cervical sprain, lumbar sprain, dorsalgia and radiculopathy of the cervical region," and incurred medical expenses for these conditions until April, 2016. She states that she still suffers from pain, anxiety, and depression, and will need continuing chiropractic treatment in the future.

> The rule governing dismissal for want of jurisdiction in federal court is that, unless the law provides otherwise, the amount claimed by the plaintiff controls if the claim is apparently made in good faith. *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *Id.* The burden is on the party asserting jurisdiction to show it is not a legal certainty that the claim is less than the jurisdictional amount. *See Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir.1994). A plaintiff's allegations in the complaint alone can be sufficient to make this showing. "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272 (10th Cir.1998) (quoting *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir.1973)).

*Adams v. Reliance Standard Life Ins*., 225 F.3d 1179, 1183 (10th Cir. 2000).

Once it is established that the sum claimed by the plaintiff is made in good faith it controls as the amount in controversy. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135

S. Ct. 547, 553 (2014). The legal certainty standard is a very high standard, defined as "absence of doubt; accuracy; precision; definite. The quality being specific, accurate, and distinct." *Woodman of World Life Ins. Society v. Manganaro*, 342 F.3d 1213 (10th Cir. 2003). "[A] party seeking federal jurisdiction [need] show only … that 'a fact finder *might* legally conclude' that damages exceed the statutory amount." *Hammond v. Stamps.com, Inc.*, 2016 WL 7367770, *2 (10th Cir. Dec. 20, 2016) (quoting *Hartis v. Chicago Title Ins.*, 694 F.3d 935, 944 (8th Cir. 2012) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2012) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)))) (emphasis added in *Bell*). The standard makes it "difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied." *Woodman*, 342 F.3d at 1216 (citing 14B Wright, Miller & Coooper, FED. PRACTICE & PROCEDURE: JURISDICTION, 3d § 3702, at 97-98 (1998).

But the standard is not insuperable. When the presumption is challenged, the plaintiff must show that the assertion that the claim exceeds the requisite jurisdictional amount in controversy is made in good faith. *Watson v. Blankinship*, 20F. 3d 383, 386 (10th Cir. 1994).

> "Where, as here, the defendant challenges the plaintiff's allegation of the amount in controversy, the plaintiff must support its assertion with 'competent proof.'" [*Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir.1995)] (quoting *McNutt v. Gen. Motors Acceptance* Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).The plaintiff must prove the "jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir.2006). To satisfy this burden, a party must do more than "point to the theoretical availability of certain categories of damages." *Am. Bankers Life Assur. of Florida v. Evans*, 319 U.S. 907, 909 (7th Cir.2003).

*McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir.2009) (footnote

omitted). "If the amount becomes an issue, as in the case at bar, the trial court must make a determination of the facts." *Emland Builders v. Shea*, 359 F.2d 927, 929 (10th Cir. 1966).

In the present case, the plaintiff alleges that she has incurred some $15,000 in medical expenses, only about half of which have been paid. The plaintiff attempts to satisfy the amount in controversy by adding some $3000 in claims for loss of consortium and $75,000 in noneconomic losses for past and future pain, suffering, and mental anguish.

"[Substantial non-economic damage awards are not appropriate to compensate for short-term, minor ailments. Rather, longer-lasting and more severe injuries are more likely to give rise to substantial non-economic damage awards." *Wright v. Remington Arms Co.*," 2010 WL 5387571, *3 (D. Col. Dec. 22, 2010) (citing *Rosenboro v. Kim*, 994 F.2d 13, 18-19 (D.C. Cir.1993)). In *Roseboro*, the court stressed that the "the presence of medical evidence showing that a plaintiff is suffering from a continuing or permanent physical impairment to be an important indicator that a substantial unliquidated damages award could be legally justified." 994 F.2d at 18.

In the present case, Shughart has supplied no medical evidence. Her response depends solely on her own affidavit's description of the accident and her injuries, and her attorney's demand letter, which includes second-hand hearsay describing his client's medical history. The demand letter indicates that Shughart first had a series of "chiropractic manipulations and inferential therapy," followed by a six week physical therapy session. The therapy apparently determined that Shughart "had reached maximum medical improvement and was released from treatment" on April 21, 2016.

4

Citing *McPhail v. Deere & Co.*, 529 F. 35 947, 956-957 (10th Cir. 2008), the plaintiff argues that her demand letter itself is "conclusive" of the issue. (Dkt. 7, at 5). This misreads *McPhail*, which was a removal action. As the party removing the action and asserting federal jurisdiction, the court stressed it was the defendant who had the burden of proving the amount in controversy exceeded the jurisdictional amount. Because the original state court petition was silent as to the amount in controversy, the court held that defendant could satisfy its burden by showing settlement demands made by the plaintiff in excess of the jurisdictional amount. *See* 529 F.3d at 956 (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.2002) (another removal case, holding that use of a settlement demand for jurisdictional purposes would not offend Fed.R.Evid. 408)). Thus, the defendant could rely on "documents that demonstrate plaintiff's own estimation of its claim" to support the removal. 529 F.3d at 956.

But this is not a removal action, and it is the plaintiff who is asserting federal jurisdiction. The plaintiff's recitation of her own attorney's comments are not only not conclusive of the matter, they are not "competent proof" of the existence of the amount in controversy.

Shughart otherwise relies on two cases as support for the exercise of federal jurisdiction where noneconomic injuries make up the great majority of the plaintiff's damages claims, *Linck v. Tayler*, 2012 WL 464367 (N.D. Ind. Feb. 10, 2012) and *Tinghitella v. D and K Financial Corp.*, 1992 WL 350665 (N.D. III. 1992).

However, a review of these cases indicates that the courts rendered their conclusions

5

based on facts or circumstances not present here. In *Tinghitella*, the plaintiff court stressed that "[w]e have no reason to believe that the sum claimed by Tinghitella was made in bad faith, nor have the defendants suggested otherwise." 1992 WL 350665 at *3. The plaintiff asserted the existence of a soft tissue injury preventing him from working, and argued that the jurisdictional amount was satisfied by his claim for lost wages. The plaintiff did not rely on noneconomic claims of pain and suffering.  As to the existence of the underlying physical injury, the court noted that plaintiff had been treated by both physical therapy in Illinois and "an orthopedic specialist, in Florida, *facts not in dispute by the parties*." *Id*. at *1 (emphasis added).

In *Linck*, the plaintiff did rely on noneconomic injuries, and the court acknowledged the existence of conflicting Seventh Circuit precedent. The court ultimately distinguished the Seventh Circuit's holding in *McMillian* on the basis of the horrific nature of the traffic accident involved.

> Most importantly, the plaintiffs' claims in *McMillian* for tens-of-thousands of dollars in emotional damages was simply incredible under the circumstances. The plaintiffs all suffered their injuries when an escalator "jerked" and caused them to stumble. *Id*. at 840–41. No doubt this experience was somewhat distressing for the plaintiffs, but the "trauma" experienced in that case is not even in the same league—really not even in the same sport—as being directly involved in a car accident that kills two people.

2012 WL 464367 at *4.

The present case is wholly unlike the multiple fatality traffic accident at issue in *Linck*. The plaintiff Shughart was involved in an extremely low speed traffic accident while Shughart was stopped in traffic. The collision was not a surprise. Shughart indicates in her

affidavit that she saw Sens place her car in reverse, and attempted warn her, presumably by honking her horn. The photograph of Shughart's vehicle, which her attorney attached to his demand letter, shows a mild crumple to the rear passenger door of the plaintiff's car.

Although plaintiff asserts that she had a "terrifying panic attack" at the scene, there is no indication that this was reported in the police report of Officer Michael Gruber, which is otherwise cited in plaintiff's demand letter. Shughart did not seek immediate medical attention, and indeed waited until after the weekend was over before consulting a chiropractor. She then had a limited series of treatments with the chiropractor and a physical therapy clinic. There is no indication that she has seen an orthopedic specialist or that she has been recommended for surgery. Although plaintiff asserts that she suffered a panic attack at the scene, and asserts anxiety and depression among her noneconomic damages claims, there is no suggestion that she has ever consulted any mental health professional.

The plaintiff's damages claims accordingly more nearly resemble those in *McMillan*, or in the decisions of *Tellis v. Sipes*, 2012 WL 1969054, *5 (S.D. Ind. May 31, 2012) or *Wright v. Remington Arms*, 2010 WL 5387571 (D. Col. Dec. 22, 2010).

In *Tellis*, the plaintiff was the driver of a bus struck by the defendant's car. A month after the accident, he consulted a chiropractor, and ultimately incurred some $9000 in medical expenses. He also alleged that he would be unable to work in the future.

The court ultimately granted the defendant's motion to dismiss, finding plaintiff failed to meet his burden of showing competent proof of the amount in controversy.

7

Mr. Tellis's alleged incurred expenses—that is, his past medical bills and his workers' compensation lien—are found lacking with respect to the requirements of the diversity statute. More importantly, Mr. Tellis has not provided any "competent proof" that his future medical expenses, potential impairment of future earnings, or other damages will make up for this deficiency.... [P]laintiffs generally "receive the benefit of all doubt" at the complaint stage with respect to amount in controversy. *Schlessinger v. Salimes*, 100 F.3d 519, 521 (7th Cir.1996) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). Even so, once the defendant has challenged the plaintiff's good faith estimate of damages, the plaintiff "cannot just appeal to the judge's druthers; he must show how the rules of law, applied to the facts of his case, could produce such an award." *Id.* (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49–50 (7th Cir.1995)).

Mr. Tellis has attempted to salvage his federal claim by alleging permanent impairment of two of his cervical vertebrae (between four and six percent) and an impairment of his thoracic spine (up to three percent). Pl.'s Resp. at 5. However, without some corroboration (i.e., documentary or testimonial opinions) as to what type of treatment he can expect for pain and suffering, and given his chiropractor's positive assessment of his treatment progress in August 2010 (failing to recommend surgery and instructing him to return only "as needed"), we do not find his evidentiary assertions determinative. His case differs significantly from that of the *Rising–Moore* [v. *Red Roof Inns, Inc.* 435 F.3d 813 (7th Cir. 2006)] plaintiff, who only needed another $30,000 to achieve the minimum amount in controversy. Regrettably, Mr. Tellis has only managed to establish to a legal certainty that he has incurred a maximum of $10,744.65 in damages stemming from the automobile accident, an amount which is not even fifteen percent of the jurisdictional minimum.

2012 WL 1969054, at *6.

In *Wright v. Remington Arms*, the plaintiff alleged that a rifle manufactured by the defendant misfired. The bullet passed through a tree before striking the plaintiff. The bullet did not penetrate plaintiff's vest or shirt, but did break the skin and cause a large bruise. The plaintiff sought medical attention nine days later, and ultimately incurred some $400

in medical expenses. The court held that plaintiff had failed to show the amount in controversy exceeded the jurisdictional requirement by adding claims for mental suffering. "Even looking at the evidence in the light most favorable to Mr. Wright," the court held, "there is a lack of sufficient medical evidence that he has a continuing or permanent injury" where plaintiff "did not submit any affidavits or exhibits to support his claim of mental suffering or trauma." 2010 WL 5387571, at *4 (record citations omitted).

"When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiffs must show that it does not appear to a legal certainty that they cannot recover the jurisdiction amount." *Woodmen of World Life Ins. Soc. v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003). Here, it is Shughart who must support her allegation of jurisdiction with competent proof once it has been factually attacked by Sens. *See Salazar v. Furr's, Inc.*, 629 F.Supp. 1403, 1407 (D.N.M.1996)(citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Here, however, Shughart has supplied no medical evidence to the court, relying entirely on her own affidavit and her own demand letter. Such evidence is not competent proof.

The record before the court indicates that the case arises from a low-speed collision which would be unlikely to produce the sort of non-economic injuries claimed by the plaintiff. Shughart has claimed some $15,000 in medical expenses, apparently half of which have been paid, and otherwise asserts the existence of federal jurisdiction based on $75,000 in noneconomic damages for pain and suffering. Given the absence of competent proof to support the claim for noneconomic damages, dismissal is warranted.

IT IS ACCORDINGLY ORDERED this day of 28th December, 2016, that the defendant's Motion to Dismiss (Dkt. 4) for lack of jurisdiction is hereby granted.


_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE